The Honorable Paul N. Pappas Secretary Department of Transportation Haydon Burns Building 605 Suwannee Street Tallahassee, Florida 32301 Mr. George G. Tapper Chairman Port St. Joe Authority Post Office Box 280 Port St. Joe, Florida 32456
Dear Secretary Pappas and Chairman Tapper:
This is in response to a joint request from both the Port St. Joe Port Authority and the Department of Transportation on substantially the following question:
 WHETHER THE PORT ST. JOE PORT AUTHORITY AND THE DEPARTMENT OF TRANSPORTATION MAY ENTER INTO A CONSTRUCTION AGREEMENT WHEREBY THE PORT AUTHORITY AGREES TO AID IN AND PARTIALLY FUND THE CONSTRUCTION OF A BRIDGE PROJECT TO BE UNDERTAKEN BY THE DEPARTMENT?
According to your letters the Department of Transportation plans to replace a bridge at Highland View in Gulf County. The standard replacement of bridges of this type would be 65 feet in height. However, the Port St. Joe Port Authority plans to develop a new barge port in St. Joseph's Bay which would require that the bridge be 75 feet in height in order to permit the passage of deep sea barges from the bay into the intracoastal waterway. In order to fund the additional cost of the bridge meeting the barge port's requirements, the port authority proposes to make a firm commitment and offer to advance in cash $100,000.00 for the engineering and $2,000,000.00 (face value U.S. Treasury Bills) to cover any additional cost of construction of the higher bridge.
The Florida Interlocal Cooperation Act of 1969, s 163.01, F.S., authorizes the public agencies of this state, which includes state government and single and multipurpose districts and single and multipurpose authorities, to enter into contracts for the performance of "any power, privilege, or authority which such agencies share in common and which each might exercise separately." See, s 163.01(4) and (5), F.S. "Public agency" is defined in subsection (3)(b) of the act to mean, inter alia, "a political subdivision, agency, or officer of this state or of any state of the United States, including, but not limited to, state government, county, city, school district, . . . [and] single and multipurpose public authority . . . ." Thus, under the foregoing definition the Department of Transportation, as a state agency, and the Port St. Joe Port Authority, as a public agency and special purpose authority for the development of port and commerce, may enter into an interlocal agreement pursuant to and in accordance with the provisions of s 163.01, F.S., for the exercise of any power, privilege, or authority which these agencies share in common and which each might exercise separately.
Chapter 30787, 1955, Laws of Florida, created the Port St. Joe Port Authority as a body corporate with the usual corporate powers to sue and be sued and such additional powers specified in that law. The port authority is a public agency for the development of port and commerce. Ch. 30787, section 1. Section 4. of that act specifically authorizes and empowers the port authority "to own and acquire property by purchase, ease [sic], eminent domain, gift or transfer from the city of Port St. Joe or from Gulf county, the United States of America, the state of Florida, or any agencies thereof, or individuals, and to acquire, construct, maintain and operate port terminal facilities, warehouses, wharves, docks, drydocks, quays, yacht basins, bridges, ship basins, breakwaters, foundation for shipways, fitting out docks, shipyards, marine railways, railroads, repair shops, loading and unloading, packaging and refrigeration facilities, all other harbor and port improvements and facilities." (e.s.) Section 5. of the act authorizes and empowers the authority "to enter into contracts with individuals and corporations and any municipality, the state of Florida, . . . or any subdivision or agency thereof, . . . and any and all contracts for furthering the business, operation and maintenance of shipping facilities and harbor and port improvements within Gulf County." (e.s.)
Thus, Port St. Joe Port Authority clearly has the power and authority to construct bridges and all other harbor and port improvements and facilities and to enter into contracts therefor within the purview of subsections (4) and (5) of s 163.01, F.S. See additionally, Ch. 315, F.S., dealing in general with port facilities financing. Subsection (1) of s 315.03, F.S., in pertinent part, authorizes and empowers any port authority "[t]o acquire, construct, lease, operate and maintain any port facilities . . . ." Subsection (6) of s 315.02 defines "port facilities" to include, without limitation, bridges. And subsection (5) of s 315.03, F.S., specifically authorizes port authorities "[t]o construct any bridge, tunnel, road or causeway, or any combination thereof, to, from or between any port facilities." Subsection (18) of s 315.03, authorizes port authorities to contract with the State of Florida or any agency or instrumentality thereof with reference to any of the powers granted therein. And subsection (19) of s 315.03, authorizes port authorities to perform any of the acts authorized by contract.
The Department of Transportation clearly has the authority to construct bridges in the State of Florida absent other impediments. See generally, Ch. 84-309, Laws of Florida, amending the Florida Transportation Code. Section 11. of Ch. 84-309, creating s 334.044, F.S., grants to the Department of Transportation the authority "[t]o designate existing, and to plan proposed, transportation facilities as part of the state highway system, and to construct, maintain and operate such facilities." And see, section 9. of Ch. 84-309 adding a new subsection (28) to s 334.03, F.S., which defines "transportation facility" to mean "[a]ll means for the transportation of people and property from place to place constructed, operated, or maintained in whole or part from public funds." And section 12. of the law creates a new s 334.046, F.S., which in pertinent part, provides: "The program objectives of the department for the purpose of enhancing public safety and providing for a comprehensive transportation system shall be to: . . . (b) Meet the annual needs for resurfacing of the state highway system including repair and replacement of bridges on the state highway system." See also, section 1. of Ch. 84-151, Laws of Florida, and sections 32. and 35. of Ch. 84-309, Laws of Florida.
Section 339.12(1), F.S., as amended by section 212. of Ch. 84-309, Laws of Florida, provides: "Any governmental entity may aid in the construction or maintenance of any road on the state highway system, by contributions to the department of cash, bond proceeds, time warrants, or other goods or services of value in the construction or maintenance of such state roads." The word "road" is defined by subsection (7) of s 334.03, F.S., as amended, to include bridges. "Governmental entity" is defined by s 334.03(3), F.S., as enacted by section 9. of Ch. 84-309, Laws of Florida, to mean "[a] unit of government, or any officially designated public agency or authority thereof, having responsibility for planning, construction, operation or maintenance, or jurisdiction over transportation facilities . . . ." And subsection (2) of s 339.12, F.S., as amended, authorizes the Department of Transportation to "accept and receive such aid and any such contributions and dispose and use the same in the construction or maintenance of such state roads." Therefore, it would appear that both the Department of Transportation and the Port St. Joe Port Authority have the power and authority separately to construct and maintain bridges within their respective jurisdictions and may within the purview of s 163.01, F.S., enter into an interlocal agreement whereby the port authority agrees to aid in the construction of the bridge in question and to contribute funds to the department for the additional cost of constructing a bridge which meets the requirements and specifications of the port authority in the development of a new barge port. Cf., AGO 72-375 concluding that a community college district could enter into an interlocal agreement with a county to provide for the construction and maintenance of streets and parking areas located on and a part of the college property and facilities subject to governing regulations of the State Board of Education and the approval of the state board with respect to capital improvement outlay and capital improvement projects.
I am therefore of the opinion that the Port St. Joe Port Authority and the Department of Transportation may enter into an interlocal agreement pursuant to s 163.01, F.S., whereby the port authority agrees to aid in and partially fund the construction of a bridge project to be undertaken by the department.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General